**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jeremiah Clay PRESTON, Defendant— Appellant.**

**No. 06–30435.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 11, 2007.

Filed May 25, 2007.

---

Joseph E. Thaggard, Esq., USGF–Office of the U.S. Attorney, Great Falls, MT, for Plaintiff–Appellee.

Andrew I. Huff, Law Office of Andrew I. Huff, Helena, MT, for Defendant–Appellant.

Before: PREGERSON, RYMER, and GRABER, Circuit Judges.

## MEMORANDUM *

Defendant Jeremiah Clay Preston pleaded guilty to distributing a substance containing methamphetamine in violation of 21 U.S.C. § 841(a)(1). Defendant aided and abetted a co-defendant in the sale of methamphetamine to a government informant. Additionally, he was present for, and participated in, a discussion between the co-defendant and the informant regarding a

---

\* This disposition is not appropriate for publication and is not precedent except as provided

future drug sale. The district court considered the drug quantity of the proposed future sale as relevant conduct for purposes of calculating Defendant's sentence. In this timely appeal, Defendant challenges his sentence.

■ 1. Defendant appeals the district court's drug quantity calculation. We review for clear error a district court's factual findings at sentencing. *United States v. Cantrell,* 433 F.3d 1269, 1279 (9th Cir. 2006). The record shows that Defendant was informed that he was charged under an aiding and abetting theory of liability. *See* U.S.S.G. § 2D1.1 cmt. n. 12 ("If the offense involved both a substantive drug offense and an attempt or conspiracy *(e.g.,* sale of five grams of heroin and an attempt to sell an additional ten grams of heroin), the total quantity involved shall be aggregated to determine the scale of the offense."). It also shows that Defendant participated in the discussion of the future drug sale and that the co-defendant whom he aided and abetted was a long-time dealer who was capable of procuring the additional amount. We hold that the district court's drug ·quantity finding was not clearly erroneous.

■ 2. Defendant also claims that the district court's drug quantity calculation violated his due process rights because he was insufficiently informed that he might be held responsible for the quantity associated with the future sale. We disagree. As stated above, Defendant was informed explicitly at sentencing that he was charged under an aiding and abetting theory of liability. Moreover, during discovery, he had received a copy of the police report in which the proposed future sale was detailed.

by 9th Cir. R. 36–3.

■ 3. Finally, Defendant challenges the reasonableness of his sentence. Here, the district court correctly calculated the advisory sentencing guideline range and considered the factors enumerated in 18 U.S.C. § 3553(a). *See Cantrell*, 433 F.3d at 1279–81. We hold that Defendant's sentence was reasonable.

AFFIRMED.

PREGERSON, Circuit Judge, dissenting.

I respectfully dissent because I do not believe that Preston's plea agreement was intelligently made. To be valid, a plea agreement must be voluntary and intelligent. *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). A plea is unintelligent where a defendant does not have "the information necessary to assess intelligently 'the advantages and disadvantages of a trial as compared with those attending a plea of guilty.'" *United States v. Hernandez*, 203 F.3d 614, 619 (9th Cir.2000) (quoting *Hill v. Lockhart*, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).

Preston pled guilty to count four of a six-count indictment. Count four states that Preston "did knowingly and unlawfully distribute a mixture or substance containing a detectable amount of methamphetamine." Notably, Preston did not plead guilty to count six of the indictment, which referred to conspiring to distribute "over 50 grams" of a substance containing methamphetamine.

The plea agreement and the government's written offer of proof presented at the change of plea hearing both refer to approximately 1/4 ounce of methamphetamine, not the one pound of methamphetamine used to calculate Preston's sentence. The probation officer used one pound in computing Preston's advisory guideline sentence, and Judge Haddon based his

sentencing decision on that computation. Even though Judge Haddon stated that the maximum sentence under the statute for someone with Preston's criminal history was thirty years, Judge Haddon did not advise Preston that he could be held responsible for one pound of methamphetamine. At no point did the district court, the prosecution, or defense counsel inform Preston that he could be held responsible for the larger drug quantum. Defense counsel acknowledged that he did not advise his client that he could be sentenced based on a quantity greater than 1/4 of an ounce, viz one pound. Indeed, defense counsel admitted that he did not even foresee such a sentence as a possibility.

Accordingly, I believe the district court erred when denying Preston's motion to withdraw his guilty plea. I would remand this case and instruct the district court to permit Preston to withdraw his guilty plea.